IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                           4:18-CR-00470-01-JM
                              4:21-CV-00382-JM

DOUGLAS EUGENE CAUSEY

## ORDER

For the reasons set out below, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 48) is DENIED.

**I.  BACKGROUND**

On November 20, 2019, Petitioner pled guilty to conspiracy to possess with intent to distribute more than 500 grams of methamphetamine.[1] On September 30, 2020, he was sentenced to 180 months in prison.[2] He did not appeal his conviction and sentence.

Petitioner requests habeas relief for the following reasons: (1) ineffective assistance of counsel regarding credit for time in federal custody; (2) not staying in federal custody after sentencing; (3) ineffective assistance for failing to advise the Court about the pending state case; and (4) not making bail in the state case.

**II.  DISCUSSION**

    **A.  Plea Waiver**

In his plea agreement, Petitioner waived his right to appeal or collaterally attack any non-jurisdictional issues in a § 2255 petition except on the basis of ineffective assistance of counsel.[3]

---

[1] Doc. Nos. 33, 34.

[2] Doc. Nos. 39, 40.

[3] Doc. No. 225.

1

Points 2 and 4 above do not involve jurisdictional issues and have been waived under the plea agreement.

### B.    Ineffective Assistance

To prevail on a claim of ineffective assistance of counsel, Petitioner must first show that his lawyer's performance fell below an objective standard of reasonableness.[4] He must identify the acts or omissions of counsel that are alleged to have been the result of unreasonable professional judgment.[5] Then, the Court must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.[6] Petitioner faces a great burden in that "judicial scrutiny of a counsel's performance is highly deferential" and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[7]

If Petitioner establishes deficient performance by counsel, he still must establish prejudice.[8] This requires Petitioner to demonstrate that, but for his counsel's errors, there is a reasonable probability the result of the proceeding would have been different.[9]

The test has two parts: (1) deficient performance, and (2) prejudice.  If Petitioner fails to establish either part of this test, I need not consider the remaining part of the test.

---

[4] See *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Larson v. United States*, 833 F.2d 758, 759 (8th Cir. 1987).

[5] *Strickland*, 466 U.S. at 690.

[6] *Id.*

[7] *Id*. at 689; *Driscoll v. Delo*, 71 F.3d 701, 706 (8th Cir. 1995).

[8] *Strickland*, 466 U.S. at 694.

[9] *Id*. ("A reasonable probability is a probability sufficient to undermine confidence in the [proceeding's] outcome."); *Larson*, 833 F.2d at 759.

### 1. Federal Custody

Defendant asserts that his lawyer told him he "was in federal custody because of a writ that Judge Beth Deere filed to keep me in federal custody . . . so that time would be counting towards [his] upcoming [federal] sentence."[10] Petitioner does not say that he received no credit for pretrial detention, just that it wasn't applied to his federal time. The Court does not see what difference it makes, so long as he gets credit. Furthermore, Petitioner cannot establish prejudice because he has not alleged that the result would have been any different had he not been provided this alleged, erroneous information.

### 2. Failure to Inform Court About State Case

Petitioner asserts that his lawyer never informed the court that he had a state court case so that the Court could determine whether the sentences should be concurrent or consecutive. This claim is without merit. At sentencing, Petitioner's lawyer mentioned his arrest for state charges and said "he's pled guilty to those state court charges . . . ."[11]

### CONCLUSION

Based on the findings of fact and conclusions of law above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 48) is DENIED.

IT IS SO ORDERED this 28th day of July, 2021.

_____
UNITED STATES DISTRICT JUDGE

---

[10] Doc. No. 48.

[11] Doc. No. 52.